UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MANUEL SALAIS,

    Petitioner,

    v.

BEN CURRY,

    Respondent.

    No. C 06-6270 MHP (pr)

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

## INTRODUCTION

Manuel Salais, a California prisoner, filed a <u>pro se</u> petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 to challenge a prison disciplinary decision. This matter is now before the court for consideration of the merits of the petition. For the reasons discussed below, the petition will be denied.

## BACKGROUND

Salais is in custody serving a sentence of 15 years to life consecutive to a 5-year sentence for a 1988 conviction of second degree murder and kidnapping with use of a firearm. His habeas petition does not challenge that conviction, but instead challenges a 2005 prison disciplinary decision that resulted in a time credit forfeiture. The only claim remaining for adjudication is Salais' claim that the disciplinary decision violated due process because it was not supported by sufficient evidence.

In January 2005, Salais was incarcerated at the Correctional Training Facility in Soledad, living in a cell and working in the textiles department. On or about January 26, 2005, Salais and some other inmates learned that some inmates who were assigned to work in textiles would be moved to the North Dorm and that inmates who did not move would be issued a rule violation report ("RVR" or CDC-115). See Petition, p. 1. The North Dorm was a dormitory-style housing facility in a gymnasium that allegedly was a less favorable place to live than the cell in which Salais lived.

On January 28, 2005, an officer ordered Salais to move from his cell to the North Dorm. Salais admits that he refused to move. See Petition, pp. 1, 2, 10. Correctional officer Mills issued a CDC-115 to Salais for failure to obey an order to move.

A hearing was held on the CDC-115 on February 1, 2005 at which Salais appeared and gave his explanation that he did not want to move from his cell to the dorm because he was a life inmate and he wanted to get out of textiles work to follow the parole board's recommendation that he get into a vocational study program. Salais was found guilty of a serious rule violation and was assessed a 30-day time credit forfeiture. See Exh. C-2. He lost his job the next day – not as part of the punishment for the CDC-115 but as a consequence of his refusal to move to the North Dorm.

Respondent does not dispute that Salais exhausted his state remedies for his claim regarding the disciplinary decision. The Monterey County Superior Court rejected Salais' state habeas petition in a short but reasoned decision. The California Court of Appeal and the California Supreme Court denied Salais' habeas petitions without comment.

**DISCUSSION**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The petition may not be granted with respect to any claim that was adjudicated on the merits in state court unless the state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law,

2

as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); Williams (Terry) v. Taylor, 529 U.S. 362 (2000).

      An inmate in California is entitled to due process before being disciplined when the discipline imposed will inevitably affect the duration of his sentence. See Sandin v. Conner, 515 U.S. 472, 484, 487 (1995). The process due in such a prison disciplinary proceeding includes written notice, time to prepare for the hearing, a written statement of decision, allowance of witnesses and documentary evidence when not unduly hazardous, and aid to the accused where the inmate is illiterate or the issues are complex. Wolff v. McDonnell, 418 U.S. 539, 564-67 (1974). The Due Process Clause only requires that prisoners be afforded those procedures mandated by Wolff and its progeny; it does not require that a prison comply with its own, more generous procedures. See Walker v. Sumner, 14 F.3d 1415, 1419-20 (9th Cir. 1994).

      The revocation of good-time credits does not comport with the minimum requirements of procedural due process in Wolff unless the findings of the prison disciplinary decision-maker are supported by some evidence in the record. Superintendent v. Hill, 472 U.S. 445, 454 (1985). There must be "some evidence" from which the conclusion of the decision-maker could be deduced. Id. at 455. An examination of the entire record is not required nor is an independent assessment of the credibility of witnesses or weighing of the evidence. Id. The relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary decision-maker. Id. This standard is considerably lower than that applicable in criminal trials. Id. at 456. The Ninth Circuit additionally has held that there must be some indicia of reliability of the information that forms the basis for prison disciplinary actions. Cato v. Rushen, 824 F.2d 703, 704-05 (9th Cir. 1987).

      The evidence relied upon by the hearing officer in finding Salais guilty of the charge of refusing to move, a violation of 15 Cal. Code Regs. § 3005(b), easily meets Superintendent v. Hill's "some evidence" standard. Section 3005(b) requires inmates to

1 "promptly and courteously obey written and verbal orders and instructions from department
2 staff."  Salais was told to move by a correctional officer and admits he did not move.  He
3 now contends that movement was not mandatory and it was "kind of questionlike [sic],"'You
4 want to move to the gym yes or no?'" and if he said no, he would not continue to work in
5 textiles but would remain in the same cell.  Traverse, p. 3.  He also contends that before he
6 refused to move, one or more other inmates asked if it was mandatory to move to the gym
7 and a correctional staff sergeant told them it was not but that inmates who refused to move
8 would receive a rule violation report.  He does not state whether either of these contentions
9 were made at the disciplinary hearing.  If they were not made then, it is now too late to make
10 them.  Even if the arguments were made at the disciplinary hearing, however, they do not aid
11 Salais because the court does not re-weigh the evidence in evaluating whether the "some
12 evidence" standard is met.  Here, the evidence included C/O Mills' written description of the
13 incident in the CDC-115 in which he stated he gave a direct order to Salais to pack his
14 property to be moved to the North Dorm, and that Salais refused to move even after being
15 informed that his refusal to be moved would be documented as a refusal to obey a direct
16 order and a CDC-115 would be issued.  That evidence easily satisfies the "some evidence"
17 requirement.

18       Due process also was not violated by prison officials' choice to classify the CDC-115
19 as a serious rule violation (under 15 Cal. Code Regs. § 3315) rather than as an administrative
20 rule violation (under Cal. Code Regs. § 3314).  Under section 3315, "[a]cts of disobedience
21 or disrespect which by reason of intensity or context create a potential for violence or mass
22 disruptive conduct" are serious rule violations.  15 Cal. Code Regs. § 3315(a)(3)(H). Salais
23 admits that he and an unstated number of other inmates decided that they would not move to
24 the North Dorm because they preferred the relative comfort of individual cells.  As he
25 describes it, there were a lot of inmate movements required by prison officials, see Petition,
26 p. 2, and it could be inferred that the refusal of a group of inmates to move would have ripple
27 effects, disrupting housing and job programs for more than just the refusing inmates.  This
28 reasonably could be seen as creating a potential for "mass disruptive conduct."  That the

4

1 inmates intended to be peaceful in their resistance does not matter because even peaceful
2 resistance can be disruptive and because § 3315(a)(3)(H) does not require that the acts create
3 a potential for violence.

4 Salais argues that prison officials changed the rule violated from § 3005(b) to §
5 3005(c) on the inmate appeal. The court disagrees, and sees the one reference to § 3005(c) as
6 a typographical error when read in the context of the rest of the inmate appeal decision which
7 denied the appeal and cited § 3005(b) earlier on the same page as the reference to § 3005(c).
8 Petition, Exh. C-5.

9 The evidence to support the disciplinary decision was constitutionally sufficient and
10 reliable. Salais' right to due process was not violated by prison officials' decision to find him
11 guilty or to assess him a credit forfeiture of 30 days. The state court's rejection of his claim
12 was not contrary to or an unreasonable application of clearly established federal law. He is
13 not entitled to the writ of habeas corpus.

14 Respondent contends that Salais had no liberty interest protected by the federal
15 constitution because the credit forfeiture will not inevitably affect the duration of his
16 sentence. Respondent argues that any effect on the actual duration of Salais' indeterminate
17 life sentence is speculative because Salais has already passed his minimum eligible parole
18 date. The court need not decide this issue because, even assuming Salais had a right to due
19 process, he received all the protections that were constitutionally required.

## CONCLUSION

21 The petition for writ of habeas corpus is DENIED on the merits. The clerk shall close
22 the file.

23 IT IS SO ORDERED.
24 DATED: June 3, 2008

Marilyn Hall Patel
United States District Judge